IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

INSITUFORM TECHNOLOGIES, INC., *et al.*,   )
                                                                             )
      Plaintiffs,   )
                                                                            )
v.   )   Civil Action No. 3:07CV687–HEH
    )
AMERIK SUPPLIES, INC., *et al.*,   )
    )
      Defendants.   )

**MEMORANDUM OPINION**
**(Granting Defendants' Motion to Transfer Venue)**

THIS MATTER is before the Court on Defendants AMerik Supplies, Inc. ("AMerik") and Eric Nielsen's joint Motion to Transfer Venue, filed on November 28, 2007. The parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated below, the Court will grant Defendants' Motion to Transfer Venue and transfer the case to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1406.

**I. Background**

This is a patent infringement action concerning U.S. Patent Nos. 5,927,341, 6,337,114, and 6,899,832, all owned by Plaintiff Insituform (Netherlands) and all exclusively licensed to Plaintiff Insituform Technologies, Inc. (collectively "Insituform"). These three patents concern cured-in-place pipeline ("CIPP") products and methods.

Insituform brought this action for declaratory judgment of infringement against AMerik and Erik Nielsen, its CEO, CFO, and Secretary, alleging that AMerik's "Top Hat" pipe repair system infringes its three CIPP patents. This motion to transfer followed.

## II. Standard of Review

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." This case involves two defendants: a corporation, AMerik Supplies, and an individual, Eric Nielsen.

AMerik Supplies is incorporated in Georgia and has its principal place of business in Georgia. However, "for venue purposes the residence of corporate defendants in patent infringement actions is governed by 28 U.S.C. § 1391(c)." *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996). Under 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." AMerik admits it has sold allegedly infringing products within Virginia. The Court will assume for the sake of discussion that AMerik is subject to personal jurisdiction in Virginia and that venue is proper as to AMerik, the corporation.

However, the inquiry does not end there. Venue must be proper as to *all* defendants for venue to be proper for the case as a whole. *See Hoover Group* at 1410 ("When the cause of action is personal to the individual defendant, the venue requirement

must be met as to that defendant."). The second defendant, Nielsen, is the CEO, CFO, and Secretary of AMerik, and is also a resident of Georgia. (Complaint ¶ 6.) Because the Complaint alleges specifically that "Neilsen conducted business *as an individual* during the period AMerik was dissolved," Nielsen is being sued in his individual capacity, not merely as a representative of the corporation. (Complaint ¶ 7 (emphasis added).) "[V]enue as to corporate employees charged with personal liability for acts taken as individuals, not as the alter ego of the corporation, does not flow automatically to forums in which venue is proper as to the corporation." *Hoover Group* at 1410.

For venue to be proper, then, Nielsen must individually satisfy the requirements of 28 U.S.C. § 1400(b): the action may only be brought "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." As noted above, Nielsen resides in Georgia, not in Virginia, so Nielsen must satisfy the second test for this Court to be the proper venue. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 n.17 (Fed. Cir. 1990) ("[Section] 1400(b) applies to *all* defendants, not just corporate defendants, and thus the second test for venue remains operative with respect to defendants that are not corporations."). Although Plaintiff alleges that Nielsen has "committed acts of infringement" in Virginia through his individual sales of the Top Hat product, Plaintiff makes no allegation that Nielsen has ever had a "regular and established place of business" here. Both parties further acknowledge that only a small portion of AMerik's

3

overall sales—eight percent or less—have been in Virginia. Venue in this Court therefore cannot be proper as to Nielsen.

Nor do Defendants' counterclaim and third-party complaint have any effect on this analysis. Rule 12(h)(1) of the Federal Rules of Civil Procedure requires that the defense of "lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading." Since Defendants here properly objected to venue in their Answer and again by separate motion, they have not waived this objection under Rule 12(h)(1).

Moreover, "it is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement [or vice versa] is compulsory and if not made is deemed waived." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999). Here, Defendants' counterclaim for patent invalidity and non-infringement involves the same patents at issue in Plaintiffs' Complaint and is therefore a compulsory counterclaim. The Federal Circuit has noted that "filing a counterclaim, compulsory or permissive, cannot waive a party's objections to personal jurisdiction, so long as the requirements of Rule 12(h) are satisfied." *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005). The same rule would apply to an objection to venue, another 12(b) defense.

Similarly, Defendants' third-party claim impleading Cosmic, the manufacturer of the Top Hat products at issue, does not operate to waive Defendants' objection to venue. *See id.* at 1308 (citing with approval *Bayou Steel Corp. v. M/V Amstelvoorn*, 804 F.2d 1147, 1149 (5th Cir. 1987) ("We now adopt what we consider to be the better reasoned and prevailing view, and hold that the filing of a counter-claim, cross-claim, or *third-party demand* does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, provided that the objection is not otherwise waived in the course of the litigation.") (emphasis added)). This Court will not interpret Defendants' reasonable actions in timely filing a compulsory counterclaim and impleading the manufacturer of the allegedly infringing product as a waiver of a well-made objection to venue.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue in this case would be proper in the Northern District of Georgia, where both Defendants reside. This Court will therefore transfer the matter to the Northern District of Georgia.

An appropriate order will accompany this Memorandum Opinion.

                /s/
              Henry E. Hudson
              United States District Judge

Date: Jan. 30, 2008
Richmond, VA

5